**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **VIRGIL M. LORENZO,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:06cv715** |
| | ) | |
| **DONALD RUMSFELD** | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

This matter is before the Court on defendant, Donald Rumsfeld's, motion to dismiss.

Plaintiff, Virgil Lorenzo, proceeding *pro se*, alleges that he was subjected to disparate treatment

based on race and age, and retaliated against for prior equal employment opportunity ("EEO")

activity, when he was not selected to teach Spanish at a Department of Defense Education

Activity ("DoDEA") high school.  Defendant has moved to dismiss Lorenzo's complaint on two

grounds.  First, under Rule 12(b)(1), Fed. R. Civ. P., defendant argues that Lorenzo's ADEA-

based retaliation claim should be dismissed for lack of subject matter jurisdiction because the

United States has not waived its sovereign immunity with respect to such claims.  Second,

defendant has moved to dismiss Lorenzo's complaint, under Rule 12(b)(6), Fed. R. Civ. P.,[1] for

failure to exhaust administrative remedies, alleging that Lorenzo (i) failed to file an informal

---

[1]Defendant properly invokes Rule 12(b)(6) because the time limits applicable to claims
brought under § 2000e-16 are not jurisdictional, but are rather in the nature of a statute of
limitations, which are appropriately challenged under Rule 12(b)(6).  *See Irwin v. Dept. of Vet.
Affairs*, 498 U.S. 89 (1990); *Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006) (citing
*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) for the proposition that "filing a
timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in
federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel,
and equitable tolling").

complaint of discrimination within forty-five days of the challenged personnel action; (ii) failed

to file his administrative complaint with the Equal Employment Opportunity Commission

("EEOC") within 15 days of receiving his Notice of Right to File; and (iii) failed to file the

instant civil suit within 90 days of receiving the EEO's Notice of Final Action.

Contemporaneous with its summary judgment filing, defendant provided Lorenzo, pursuant to

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), with notice of the opportunity to file

responsive materials.  Lorenzo did so by filing a timely response.  Accordingly, the matter is now

ripe for disposition.

## I.[2]

In January 2000, Lorenzo applied for a teaching position in Okinawa, Japan, the DoDEA

school district where he resided.  Lorenzo later learned that his teaching application was

incomplete and did not include a copy of his transcripts.  Thus, on June 7, 2000, Lorenzo

provided Deborah Berry, the principal at Kadena High School, a copy of his application with a

cover letter expressing his interest in the Spanish teacher position.  Appended to his application

were teaching certifications in several areas including English, Spanish, and Science; notably,

Lorenzo never received a Computer Science teaching certification.

At the time, Kadena High School had a vacancy for a "mixed" position, meaning a

position requiring that the teacher teach both Spanish and Computer Science.  Because Lorenzo

was not certified to teach Computer Science, he was not eligible for the position, and Jose Rivera

was selected instead.  In January 2001, Rivera was to be reassigned to another school.

---

[2]The facts recited herein are derived from the complaint, and those documents integral to and explicitly relied on in the complaint.  *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

2

Accordingly, on December 11, 2000, Berry requested that the DoDEA Personnel Center recruit an individual to fill the vacancy, although this time Berry was seeking only a Spanish teacher.  In the meantime, Berry decided to fill the position with a substitute Spanish teacher, and selected Diane Mays, a substitute teacher already employed by the district.

Thereafter, in December 2001, Lorenzo filed an informal complaint with the EEO Office alleging discrimination and retaliation when he was not selected for teaching positions in June 2000, November 2001, and December 2001.[3]  In essence, Lorenzo alleged that he was the victim of discrimination because younger, non-Filipinos were hired, instead of him, a fifty-six year old, Filipino male.  Moreover, he claimed that his non-selection was motivated by retaliation because he filed an EEO complaint in 1993.

On December 18, 2001, the EEO Counselor, Chandra Vickers, informed Lorenzo that he would have fifteen days after the informal complaint investigation was complete to file a formal complaint.  Then, on February 4, 2002, Vickers informed Lorenzo that the informal complaint investigation was complete, and reminded him that a formal complaint would have to be filed within fifteen days of his receipt of the February 4, 2002 notice.

Over a month later, on March 7, 2002, Lorenzo filed his formal administrative complaint.  The matter was referred to an EEOC administrative judge ("AJ"), who found in favor of DoDEA.  Specifically, the AJ dismissed Lorenzo's complaint finding that his claims of non-selection in 2000 were untimely because he had not initiated contact with an EEO counselor within forty-five

---

[3]Lorenzo's informal EEO complaint did not claim discrimination or retaliation based on the December 2000 non-selection at issue here.  Nonetheless, the EEO investigated the circumstances surrounding Berry's December 2000 decision to hire a substitute Spanish teacher, instead of hiring a permanent replacement.

days of the allegedly discriminatory personnel action.  Then, on November 12, 2004, DoDEA

issued a Final Agency Decision ("FAD") adopting the AJ's decision.  On April 26, 2005, upon

appeal, the EEOC Office of Federal Operations ("OFO") affirmed the FAD and advised Lorenzo

that he had ninety days to file a civil action or thirty days to seek reconsideration.

Thereafter, on June 6, 2005, Lorenzo filed a request for reconsideration of the OFO

decision.  On August 2, 2005, the OFO dismissed Lorenzo's request as untimely and, once again,

advised Lorenzo that, if he wished to file a civil action, he had to file within 90 days of the

EEOC's April 26, 2005 Decision, which remained the Commission's final decision even after the

dismissal of his reconsideration request.

Nearly two months later, on or about September 26, 2005, Lorenzo mailed a letter to the

U.S. District Court, Southern District of California, requesting assistance from the Clerk of the

Court in finding an attorney to file his case.  On September 27, 2005, the Clerk's Office advised

Lorenzo that he could file his case in the District Court for the District of Guam, the closest

district to his residence.  Yet another two months later, on November 21, 2005, Lorenzo filed his

judicial complaint in the District Court for the District of Guam.  On June 13, 2006, defendant's

motion to transfer venue to the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a), was

granted.

## II.

The standard applied in deciding a Rule 12(b)(6) motion to dismiss is well-established.

When deciding a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., courts must review

all well-pleaded allegations in plaintiff's complaint to determine whether such allegations could

possibly entitle plaintiff to the relief sought.  *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d

321, 325-26 (4th Cir. 2001).  Additionally, a court can consider documents outside of the

pleadings, without converting the motion to one for summary judgment, so long as the

documents are integral to and explicitly relied on in the complaint.  *Phillips v. LCI Int'l, Inc.*, 190

F.3d 609, 618 (4th Cir. 1999).  Thus, where, as here, plaintiff's judicial complaint relies on

informal and formal administrative complaints, these documents may be considered in ruling on

a motion to dismiss, without converting the Rule 12(b)(6) motion into a Rule 56 motion.  *See*

*e.g., Carnes v. Potter*, 2006 U.S. Dist. LEXIS 18962 (E.D. Va. 2006).

While the allegations in plaintiff's complaint are viewed in the light most favorable to

plaintiff, *E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000), courts

need not credit conclusory legal terms and allegations that are not reasonably supported by

factual allegations.  *Taubman Realty Group Ltd. P'ship v. Mineta*, 320 F.3d 475, 479 (4th Cir.

2003); *Young v. City of Mt. Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).  Put simply, when it

appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would

entitle him to relief, the complaint should be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P.

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## III.

Lorenzo's complaint alleges age discrimination, pursuant to the Age Discrimination in

Employment Act, 29 U.S.C. § 621, *et seq*., ("ADEA"); race discrimination, pursuant to Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"); and retaliation for

engaging in protected EEO activity, pursuant to both Title VII and the ADEA.

Under both of these statutes, it is well-settled that a claimant must exhaust his

administrative remedies before pursuing a civil action in federal court; moreover, failure to do so

will result in the dismissal of his complaint.  *See Brown v. General Svc. Admin.*, 425 U.S. 820,

832 (1976); *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) ("Before a

plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies.");

*Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999) ("It is axiomatic that a

claimant under Title VII must exhaust his administrative remedies by raising his claim before the

EEOC.").

      Pursuant to this obligation, an individual asserting a discrimination claim must abide by

the applicable filing deadlines.  The first filing deadline at issue here requires federal employees,

who believe they have been subjected to age or race discrimination, to initiate contact with an

EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or in the

case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. §

1614.105(a)(1).  In general, the failure to consult with an EEO counselor within the required time

frame is grounds for dismissing an employee's Title VII claim.  *See Zografov v. Veterans Admin.

Med. Ctr.*, 779 F.2d 967, 970 (4th Cir. 1985).  But the failure to comply with timely exhaustion

may be excused where, as did not occur here, a plaintiff provides "evidence that he was unaware

of the time limits for seeking EEO counseling, or that the government engaged in affirmative

misconduct in connection with this failure to seek timely counseling."  *Sloane v. Shalala*, No. 97-

2295, 1998 U.S. App. LEXIS 29460, at *8-9 (4th Cir. 1998).

      Where, as here, a plaintiff claims he was subjected to discrimination when he was not

selected for a position to which he applied, the date of the selection is the "personnel action"

used to calculate the starting time for initiating contact with an EEO counselor.  *See, e.g.,

Jakubiak v. Perry*, 101 F.3d 23, 26-27 (4th Cir. 1996).  Thus, here, the personnel action took

place in January 2001, when Mays was selected as a substitute Spanish teacher.  Lorenzo's

earliest contact with the EEO counselor occurred on December 18, 2001, ten months after the

challenged personnel action, and well beyond the forty-five day initiation deadline.[4]  Lorenzo

does not dispute that he initiated contact with the EEO after the forty-five day initiation deadline.

Rather, he argues that he did not realize that discrimination was involved in Mays's selection

until he learned she was "an incompetent Spanish teacher," and thus unqualified for the position.

Like the plaintiff in *Webster*, Lorenzo attempts to avoid the failure to meet the forty-five day rule

by arguing that the time limit should begin from his discovery of the alleged discrimination,

rather than the date of the personnel action.  *See Webster v. Johnson*, 126 Fed. Appx. 583, 587

(4th Cir. 2005) (per curiam) (unpublished).  This argument fails because, as the Fourth Circuit

has consistently held, "[t]he limitations period begins to run from the effective date of the

allegedly discriminatory personnel action."  *Id; see also Jakubiak*, 101 F.3d at 26-27.  Here, then,

it is the date of Mays's selection, and not Lorenzo's discovery of her alleged incompetence, that

---

[4]Importantly, the ADEA, unlike Title VII, provides federal government employees two avenues for bringing their age discrimination claim to federal court.  First, an employee may elect to pursue his administrative remedies through the EEOC process, after which, if he is dissatisfied with the results, he may file suit in federal court. 29 U.S.C. § 633a(b), (c); *Stevens v. Dept. Of Treasury*, 500 U.S. 1, 5-6 (1991).  Alternatively, an employee may bring an ADEA claim directly to federal court if, at least 30 days prior to commencing suit, he provides notice to the EEOC of his intent to sue, and he files this notice within 180 days of the alleged discriminatory conduct. 299 U.S.C. § 633(a)(d); *Stevens*, 500 U.S. at 5-6.  Lorenzo elected to pursue the first option, that is, to proceed through the EEOC administrative process.  But, as explained herein, he failed to comply with the administrative requirement that he initiate contact with an EEO counselor within forty-five days of the date of the personnel action. 29 C.F.R. § 1614.05.  Nevertheless, it is important to note that even assuming Lorenzo had proceeded under the ADEA's second option, his ADEA claim is untimely because he did not contact an EEO counselor, or otherwise provide the EEO notice of his intent to sue, until ten months, or roughly 300 days, after the challenged personnel action.  Thus, under the ADEA's alternative filing option, Lorenzo's claim is still untimely because he failed to give the EEOC notice of his claim within 180 days of the alleged discriminatory conduct.

controls.[5]  Accordingly, this complaint should be dismissed for failure to comply with the forty-five day initiation deadline.

Quite apart from the untimeliness of Lorenzo's informal complaint, defendant also argues that Lorenzo's formal EEO complaint was untimely.  EEOC regulations require federal employees claiming discrimination to file a formal complaint with the EEOC within fifteen days of receiving a Notice of Right to File.  29 C.F.R. § 1614.106(b).  The failure to comply with this regulation, that is, the failure to file a formal complaint of discrimination within fifteen days, warrants dismissal of plaintiff's complaint.  *See Saunders v. Stone*, 758 F.Supp. 1143, 1145 (E.D. Va. 1991), *aff'd Sanders v. Stone*, No. 91-1585, 1991 U.S. App. LEXIS 27815 (4th Cir. 1991).

Here, dismissal is unwarranted.  On February 4, 2002, EEO counselor Vickers held the final counseling interview on Lorenzo's discrimination claim.  Thereafter, Vickers sent Lorenzo a written notice that, in a bolded and underlined statement unequivocally, advised Lorenzo that he had "the right to file a formal complaint of employment discrimination within 15 calendar days after receipt of this notice."  Defendant argues that Lorenzo's formal complaint was untimely because Lorenzo is presumed to have received the EEO notice on February 7, 2002, three days after it was mailed,  *see Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148

_____

[5]Significantly, Lorenzo does not claim that the failure to comply with timely exhaustion should be excused because he was "unaware of the time limits for seeking EEO counseling, or that the government engaged in affirmative misconduct in connection with this failure to seek timely counseling." *Sloane,* 1998 U.S. App. LEXIS 29460, at *8-9.  Nor is there any support in the complaint for such a claim.  To the contrary, the complaint reflects that he had previously filed an EEO complaint.  Thus, Lorenzo was "familiar with how the process worked and what it demanded of claimants.  [Lorenzo], in other words, cannot claim that he did not understand how to pursue his rights." *Webster*, 126 Fed. Appx. at 587.  Additionally, nothing in the record suggests that the defendant contacted, let alone engaged in any misconduct, in connection with Lorenzo's seeking EEO counseling.  Accordingly, Lorenzo cannot avail himself of the exceptions to the timely exhaustion requirement.

n.1 (citing Rule 6(e), Fed.R.Civ.P), and he did not file his formal complaint until March 7, 2002, thirteen days after the presumed notice date.  Defendant's argument fails, however, because it assumes the EEO notice was mailed on February 7, 2002, but the exhibit containing the EEO Notice does not include a mailing envelope with time stamp or evidence of when it was mailed. Thus, this record does not disclose when the EEO was actually mailed.  And, in fact, Lorenzo's formal EEO complaint states, and it is assumed to be true, that he received the EEO notice on February 21, 2002.  On these facts, Lorenzo's March 7, 2002 formal complaint was timely, as it was filed fourteen days after receiving the EEO notice.  Therefore, dismissal is unwarranted on these grounds.[6]

Although, as explained here, Lorenzo's informal complaint was untimely, analysis of defendant's last argument proceeds assuming the informal EEO complaint was timely initiated. Defendant's final argument is that Lorenzo's judicial complaint is untimely.  Title VII provides that "[w]ithin 90 days of receipt of notice of final action taken by a department, agency, . . . or by the [EEOC] . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint . . . may file a civil action."  42 U.S.C. § 2000e-16(c).  Likewise, the obligation to file a judicial complaint within ninety days of the notice of right to file applies to ADEA claims.[7]

---

[6]It should be noted that Lorenzo argues that defendant waived the argument that his complaint is untimely because the EEO accepted and investigated his complaint.  It is well-settled, however, that a federal agency does not waive its right to object to untimely filings merely by accepting a complaint for investigation. *Blount v. Shalala*, No. 99-1391, 1999 U.S. Ap. LEXIS 27914, at *1 (4th Cir. 1999).  *See also Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992); *Boyd v. United States Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985); *Dailey v. Carlin*, 654 F. Supp. 146 (E.D. Mo. 1987).  Thus, Lorenzo's argument fails in this respect.

[7]*See* 29 C.F.R. § 1614.407; *Rawlett v. Runyon*, 104 F.3d 359, 1996 WL 733153, at *1 (4th Cir. 1996) (unpublished) (adopting Title VII's filing deadline for an ADEA case).  *See also*, *Rossiter v. Potter,* 357 F.3d 26, 30 (1st Cir. 2004) ("This importation makes good sense because

Again, the failure to comply with this filing deadline generally warrants dismissal of the complaint. *See Irwin v. Veterans Administration*, 498 U.S. 89, 92 (1990).

As a threshold matter, pursuant to 29 C.F.R. § 1614.405(b), when a plaintiff appeals to the EEOC, the OFO's decision, granting or denying the appeal, is the final decision of the agency, unless the OFO reconsiders the case.  Thus, when the OFO issues its final decision, a plaintiff has two options: to request reconsideration of the OFO decision within 30 days of the final decision or to file a civil action in a United States District Court within 90 days of the final decision.

In the case at bar, on April 26, 2005, OFO affirmed the Final Agency Decision in favor of the DoDEA, and issued a final decision, pursuant to 29 C.F.R. § 1614.407.  OFO's written decision informed Lorenzo of his two options, that is, Lorenzo could either request reconsideration within 30 days or file a civil action within 90 days.  Additionally, the OFO's written decision advised Lorenzo that "[f]or timeliness purposes, the Commission [presumes] that this decision was received within five (5) calendar days after it was mailed."  Thus, to be timely, a request for consideration had to be filed no later than June 1, 2005.  Lorenzo filed his request for reconsideration on June 6, 2005, five days late.  Accordingly, on July 28, 2005, the OFO dismissed his request as untimely and did not consider the merits of the reconsideration request.  Importantly, the OFO advised Lorenzo that the OFO's April 26, 2006 decision remained

---

when a federal employee elects to enter the administrative process, the ADEA and Title VII enforcement schemes are homologous."); *Jones v. Runyon*, 32 F.3d 1454, 1456 (10th Cir.1994) (same); *Long v. Frank*, 22 F.3d 54, 56-59 (2d Cir.1994) (same).

the Commission's final decision.[8]  Thereafter, on November 21, 2005, 204 days after the OFO's

final decision, Lorenzo filed a judicial complaint in the District Court for the District of Guam.[9]

Lorenzo's judicial complaint was filed well beyond the 90-day filing deadline, thus, dismissal of

Lorenzo's untimely judicial complaint is appropriate.

   The analysis does not end here, however, because there are certain, narrow situations

where the failure to timely comply with filing requirements will not result in dismissal of

plaintiff's complaint.  In particular, equitable tolling of the filing deadline has been allowed

"where the claimant has actively pursued his judicial remedies by filing a defective pleading

---

[8]Importantly, Lorenzo can not argue that filing for reconsideration tolled or reset the ninety day filing deadline because he filed an untimely request for reconsideration.  As the EEOC regulations make clear the OFO's final decision is the final action of the Commission "unless the Commission reconsiders the case."  29 C.F.R § 1614.405(b).  Thus, only a timely request to reopen defeats the finality of the OFO's final decision and "tolls the filing deadline for initiating an action in federal court."  *Harrison v. Potter*, 323 F. Supp. 2d 593, 603 (S.D.N.Y. 2004); *See also Davis-Wrenn v. Runyon*, No. 5:95-CV-571-BR(3), 1996 U.S. Dist. LEXIS 6067, at *4 (E.D. N.C. 1996) (holding that the 90-day civil action filing deadline runs from the date of EEOC's final decision, not from the EEOC's denial of a plaintiff's untimely request for reconsideration); *Holley v. Dept. Of Veteran Affairs,* 165 F.3d 244, 246 (3d Cir. 1999); *Belhomme v. Widnall*, 127 F.3d 1214, 1216-17 (10th Cir. 1997); *Rowe v. Sullivan*, 967 F.2d 186, 190 (5th Cir. 1992).

[9]Lorenzo argues that his judicial complaint was timely because on September 22, 2005, 149 days after the OFO's final decision, Lorenzo sent a letter to the U.S. District Court for the Southern District of California requesting assistance in finding an attorney to file his case.  On September 27, 2005, the Clerk of the Court advised Lorenzo that the District Court of Guam would be closest to his residence.  In addition, the Clerk returned Lorenzo's $250 check and enclosed a packet of information to assist him when he filed his complaint.  In essence, the Clerk suggested that Lorenzo's case had not been filed and that Lorenzo should attempt to file his claim in the District of Guam.  Assuming, without deciding, that Lorenzo's correspondence with the Clerk is sufficient to constitute the filing of a civil action, Lorenzo's judicial complaint is still untimely.  To be timely, Lorenzo would have had to file a civil action within ninety days of the OFO's April 26, 2005 decision, that is, on or before July 30, 2005 (this date accounts for the five-day mailing presumption).  Lorenzo's letter to the Southern District of California was sent on September 22, 2005, 54 days late.  Therefore, his judicial complaint was untimely even assuming he filed it on September 22, 2005, in the District Court for the Southern District of California.

during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see Chao v. Virginia Dept. of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002).  As the Fourth Circuit has recognized, the equitable tolling exceptions are truly narrow, thus, "the government cannot be estopped from asserting the . . . time limit as a defense 'if plaintiff has made no showing of affirmative misconduct on the part of the government, which is the least the court would require, even if that would suffice, to rely upon estoppel." *Nealon v. Stone*, 958 F.2d 584, 589 (4th Cir. 1992).  Mindful of their limited applicability, it is pellucidly clear that neither of the equitable tolling exceptions apply here because Lorenzo did not file any defective pleading during the statutory period, nor has he adduced that any misconduct by the defendant caused his dilatoriness.  As Lorenzo has not provided any evidence that equitable tolling applies, and as the equitable tolling exceptions are truly narrow, Lorenzo's complaint must be dismissed.

As a final matter, it is worth underscoring the importance of enforcing administrative filing deadlines.  As the Fourth Circuit recently noted, "[r]ules for bringing claims are specific for good reason – most importantly to bring prompt resolution to both parties to a claim.  We are not authorized to suspend those rules absent efforts by the adverse party to undermine them." *Webster v. Johnson*, 126 Fed. Appx. 583, 587 (4th Cir. 2005) (per curiam) (unpublished) (dismissing complaint as untimely for failing to comply with Title VII's forty-five day initiation deadline).  To find otherwise, risks "fatally undermin[ing] the rules, and erod[ing] their utility in ensuring efficient claims resolution." *Id.*  Thus, in the absence of evidence that Lorenzo filed a defective pleading during the statutory period, or that he was induced by his adversary into

allowing the filing deadline to pass, it appears that Lorenzo's dilatoriness resulted from his "fail[ure] to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96.  In these circumstances, although its effects may prove harsh, the time limits imposed by Congress must be strictly enforced.  *Baldwin*, 466 U.S. at 152 ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. . . . in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.").

In summary, dismissal of Lorenzo's complaint is appropriate on two independent grounds: First, Lorenzo's informal EEO complaint was inexcusably untimely.  Second, his judicial complaint was also inexcusably untimely.  Dismissal is not warranted, however, based on defendant's argument that Lorenzo's formal EEO complaint was untimely.

Accordingly, for these reasons, and for good cause shown,

It is hereby **ORDERED** that defendant's motion to dismiss is **GRANTED**.

As this resolves all outstanding issues in this case, the Clerk is **DIRECTED** to place this matter among the ended causes.

Should plaintiff wish to appeal this Order, he must do so within sixty (60) days, pursuant to Rules 3 and 4, Fed. R. App. P.

The Clerk is directed to send a copy of this Order to plaintiff and all counsel of record.


_____/s/_____

Alexandria, Virginia                                       T. S. Ellis, III
October 18, 2006                                          United States District Judge

13